[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-entitled three cases were consolidated and tried together in an extended trial and this Court entered a Memorandum of Decision on June 29, 1993.
On July 8, 1993, the defendant, Henry R. Edelberg, through his attorney, filed a motion to open the judgment and clarify and change certain aspects of the judgment.
A hearing was held on that motion on October 18, 1993, and the parties submitted briefs and evidence to assist the court. The motion to open judgment is granted and the Memorandum of Decision previously filed on June 29, 1993, is corrected and modified as follows.
Pages 1 through 9 remain the same and shall be a part of this decision.
Page 10: exceed the amount he brought when he entered the venture. Edelberg's claim about using the facilities for repair of automobiles by Crosby's father and charging certain parts to Nedmarc is counter balanced by testimony that work was performed on Edelberg's personal automobiles and no invoices or charges were ever made.
On October 28, 1993, the Department of Environmental Protection withdrew Order SRD-014 as it pertains to Raymond Crosby. The effect of this administrative order by the Commissioner of the Department of Environmental Protection is to determine that in fact Raymond Crosby is an innocent party in the matter of creating a source of pollution to the waters of the state.
The court is still of the opinion that no CUTPA CT Page 9776 violation exists in these cases and therefore no attorney's fees or damages pursuant to Connecticut General Statutes § 42-110b and § 42-110g will be awarded.
However, the court will make two substantial changes in connection with its earlier decision.
The court agrees with the argument of the attorney for the defendant Edelberg that its previous decision would give Mr. Edelberg no protection that the $213,000 would be used to repay the Department of Environmental Protection.
The court further agrees that the reasoning of the attorney for Mr. Crosby is better suited to a solution in this case. Therefore, in Docket Number CV88-090875 and Docket Number CV88-089823, judgment may enter jointly and severally against Nedmarc, Inc. and Henry R. Edelberg in the amount of $130,249.65. This is made up of the $107,333.33 for property value decreased caused by the illegal hazardous waste dumping and $22,916.32 for Crosby's one-third of the $68,748.97 wrongfully appropriated from the proceeds. The judgment is effective June 29, 1993, and interest shall accrue from that date at the legal rate.
The partnership by and between the parties referred to as HRM Realty is hereby dissolved. The lease between Nedmarc, Inc. and HRM Realty is hereby declared null and void. This will leave a tenancy in common in which Edelberg will own an undivided two-thirds interest and Crosby shall own an undivided one-third interest subject to the mortgage and any lien by DEP (State of Connecticut).
It has been established that the use and occupancy of the property is worth $3,000 per month, and therefore in the event that payment of that amount is not made on or before November 1, 1994, and monthly thereafter, then and in that event, a receiver will be appointed and Edelberg and Nedmarc as rental the sum of $3,000 per month beginning November 1, 1994. The receiver shall pay the costs of real estate taxes and insurance and distribute quarterly, the balance as follows: two-thirds to Edelberg and Nedmarc, Inc; one-third to Crosby. The parties shall mutually agree upon a receiver and notify the court within twenty (20) days of their choice. No bond shall be required of the receiver, and the court would not object to Ann R. Hoyt and Edward C. Wynne, counsel for the CT Page 9777 parties, being appointed co-receivers in this matter.
In Docket Number CV88-090082, the court finds the issues in favor of the defendant Raymond Crosby.
R.T. O'Connell, J.